UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal No. 07-00176 (EGS) |
| | : |
| DONALD H. ROBERTS, | : |
| | : |
| Defendant. | : |

**THE GOVERNMENT'S NOTICE OF INTENTION TO INTRODUCE
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its undersigned counsel, hereby submits this notice of intent to introduce evidence in its case in chief pursuant to Federal Rules of Evidence 403 and 404(b). In support of this notice the Government relies upon the following points and authorities, and such others as may be cited during any hearing or trial in this matter.[1] We submit that the evidence set forth below should be admitted at trial.

## Introduction

Defendant Donald H. Roberts, a tax return preparer who owns X-Press Refund Tax Service ("X-Press") located in Washington DC, was indicted for aiding and assisting in the preparation of false or fraudulent income tax returns in violation of 26 U.S.C. § 7206(2), and conspiring to defraud the United States by impeding, impairing, defeating, and obstructing by deceitful and dishonest means the lawful government functions of the Internal Revenue Service in the ascertainment, evaluation, assessment, and collection of income taxes in violation of 18 U.S.C. § 371. Willfulness

---

[1] In this filing, the Government is identifying "other acts" that are or may be within Rule 404(b)'s parameters, however, we do so both out of an abundance of caution and in an effort to expedite the upcoming trial by eliminating the need for lengthy sidebar discussions regarding the admissibility of the conduct. The Government intends to supplement this notice should it learn of additional "other act" evidence in the course of trial preparations.

and knowledge are essential elements of the charged tax crimes, and must be proven beyond a reasonable doubt.

The evidence will prove that defendant prepared false federal tax returns for clients, as well as false state and local returns. Moreover, defendant supervised and condoned his staff's preparation of false returns for the clients of the business. As with the returns specifically referenced in the Indictment, additional false federal, state, and local returns were prepared by defendant and his staff. Consequently, the Government may elicit in our case evidence regarding some of these additional false returns because this conduct was inextricably intertwined with the charged conspiracy. Furthermore, such conduct is specifically admissible under the parameters of Rule 404(b) because such conduct demonstrates defendant's plan, knowledge, and absence of mistake in the preparation of false returns for clients.

Moreover, while operating X-Press, defendant also violated other federal income tax laws. The evidence will prove that defendant ran his cash business "under the table" at X-Press. He paid cash wages to numerous individuals who assisted him at X-Press, and he did not report to the IRS the cash that he paid to those assistants for their services (in the form of either W-2s or 1099s), he did not collect and pay over any employment taxes on behalf of those assistants, and he did not file any of the requisite Forms 940 and 941 for the business. In fact, defendant specifically directed at least one preparer at X-Press not to report the money that she earned at X-Press. That assistant, uncomfortable with the directions provided by defendant, prepared and filed a Form W-2 for herself from X-Press on her own behalf reporting the wages that defendant paid to her for her work.

Defendant's conduct demonstrates a deliberate decision to violate the federal income tax laws, and to counsel others to violate federal income tax laws. Such evidence is relevant and

probative of the willfulness and knowledge of defendant. The conduct demonstrates that defendant knowingly and willfully violated of the tax laws to save himself and his associates the additional expense of reporting those wages to the IRS. Such conduct corroborates defendant's motive: for his associates and clients to pay less taxes to the IRS, and when possible, to obtain refunds greater than what they are lawfully entitled to receive. Defendant's conduct further demonstrates that his criminal tax conduct was not the result of his own inadvertence, mistake, or confusion.

## Argument

Other act evidence is admissible in trial pursuant to Federal Rule of Evidence 404(b) when it is offered to prove something *other* than the defendant's bad character. Permissible purposes include proof of intent, motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake. Fed. R. Evid. 404(b); see United States v. Miller, 895 F.2d 1431, 1435-36 (D.C. Cir. 1990). Under Rule 404(b), "*any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove bad character." Miller, 895 F.2d at 1436.

To determine the admissibility of other act evidence, a court undertakes a two-part analysis: (1) determination of whether the evidence is "probative of some material issue other than character," and (2) assessment of the relevancy of the evidence pursuant to Rule 403. United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). The court need not find that defendant in fact committed the other act, but need decide only whether the jury could reasonably so find. Huddleston v. United States, 485 U.S. 681, 689 (1988).

The federal rule is one of inclusion, not exclusion; the evidence may be offered for any purpose, so long as the evidence is not offered solely to prove character of defendant. See United States v. Douglas, 482 F.3d 591, 596 (D.C. Cir. 2007); United States v. Crowder, 141 F.3d 1202,

1206 (D.C. Cir. 1998) (en banc). Indeed, the D.C. Circuit has long recognized that Rule 404(b) evidence will often have "multiple utility, showing at once intent, knowledge, motive, preparation and the like." Crowder, 141 F.3d at 1208.[2] In a close case, the rule tilts toward the admission of other act evidence. See Douglas, 482 F.3d at 600; United States v. Johnson, 802 F.2d 1459, 1463-64 (D.C. Cir. 1986).

One of the critical facts that the Government must establish at trial in this case is that defendant's aiding in the filing of false documents was willful, which means a "voluntary, intentional violation of a known legal duty," Cheek v. United States, 498 U.S. 192, 201 (1991), and not the result of an accident or good faith mistake regarding the requirements of the federal tax laws. Similarly, to prove the conspiracy charge, the Government must show that defendant knowingly participated in the conspiracy with the intent to defraud the United States. United States v. Hitt, 249 F.3d 1010, 1015 (D.C. Cir. 2001). Recognizing that evidence of such intent is critical to the government's proof in criminal tax prosecutions, courts grant the government wide latitude in the admissibility of other act evidence. See, e.g., Baker v. United States, 401 F.2d 958, 974-75 (D.C. Cir. 1968). In particular, evidence of a defendant's attitude toward the taxing authorities is admissible as an indication of wilfulness, *even if the defendant never testifies*. See United States v. Hogan, 861 F.2d 312, 316 (1st Cir. 1988). Accord United States v. Johnson, 27 F.3d 1186, 1192 (6th Cir. 1994) (explaining that "other act" evidence is admissible under Rule 404(b) to prove intent, regardless of whether the defendant has done anything to place his intent in issue).

---

[2] Upon request, the court should give a cautionary instruction under Rule 105, limiting its purpose. Huddleston, 485 U.S. at 691-92.

Accordingly, evidence offered regarding other, uncharged false tax returns (federal, state, and local) prepared by defendant and his employees, is admissible because such evidence is not only intrinsic to the charged Klein conspiracy, see United States v. Gartmon, 146 F.3d 1015, 1020 (D.C. Cir. 1998); United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996), but it is also probative of defendant's plan or motive to obtain large false refunds for X-Press clients and is indicative of absence of mistake in the preparation of the charged false returns, Fed. R. Evid. 404(b); see United States v. Pless, 79 F.3d 1217, 1120 (D.C. Cir. 1996). As a result, this evidence is highly relevant to defendant's willfulness and knowledge. See Douglas, 482 F.3d at 601. Furthermore, the probative value of this evidence will far outweigh any prejudice that it might cause. Fed. R. Evid. 403. In fact, evidence of other federal, state, and local returns would result in no prejudice because it is just like the conduct with which defendant is charged.[3]

Likewise, defendant's decision to run X-Press employee payments "under the table" is also admissible under Rule 404(b) because it is further probative of, and consistent with, defendant's motive and intent to pay the least amount of taxes to Uncle Sam possible. See Pless, 79 F.3d at 1220 (accepting government's explanation that proffered evidence regarding defendant's failure to pay corporate, employee withholding, and personal taxes was admissible under Rule 404(b) because it was submitted to show the defendant's "intent" and "plan" while check kiting). Related evidence of defendant's advice to his associate to not report payments earned at X-Press to the IRS on her tax returns is also highly probative of defendant's state of mind regarding truthfully reporting to the IRS, and is consistent with his motive: to assist his clients and associates to under-report income to the IRS, and minimize the their taxes paid and maximize any refunds. See id.; United States v. Watt, 911

---

[3] Out of an abundance of caution, the Court may give a limiting instruction.

F. Supp. 538, 558 (D.D.C. 1995). Again, this significant relevance is not outweighed, let alone substantially outweighed, by its potential prejudicial effect. Fed. R. Evid. 403; see Watt, 911 F. Supp. at 558-59.

Given the critical nature of the issue of the defendant's state of mind in the prosecution for false returns and conspiracy, the admission of the proffered 404(b) evidence is especially justified. In United States v. Collorafi, the Second Circuit reversed the trial court's order barring the government from introducing evidence of defendant's state of mind, stating that because tax prosecutions require proof by the government that the acts were done wilfully, "trial courts should follow a liberal policy in admitting evidence directed towards establishing the defendant's state of mind." 876 F.2d 303, 305 (2d Cir. 1989). The court went on to explain that trial courts should not exclude evidence that bears on the defendant's state of mind "unless it interjects tangential and confusing elements which clearly outweigh its relevance." Id. The evidence that the Government intends to introduce bears directly on defendant's state of mind and is not tangential or confusing. Accordingly, it should be admitted.

**Conclusion**

For the reasons set forth above, the Government intends to introduce this evidence at trial.

                                                  Respectfully submitted,

                                                  JOHN A. MARRELLA
                                                  DEPUTY ASSISTANT ATTORNEY GENERAL

By:   /s/ Karen E. Kelly
        KAREN E. KELLY
        VA Bar No. 35403
        TRIAL ATTORNEY
        Tax Division, Criminal Enforcement
        601 D Street NW
        Washington, D.C. 20530
        (202) 616-3864
        karen.e.kelly@usdoj.gov

        PATRICK J. MURRAY
        NY Bar No. PM-4324
        TRIAL ATTORNEY
        Tax Division, Criminal Enforcement
        601 D Street NW
        Washington, D.C. 20530
        (202) 616-8646
        patrick.j.murray@usdoj.gov