

U.S. Department of Justice

Tax Division
Northern Criminal Enforcement

---

*601 D Street N.W*
*Washington, D.C. 20530*

April 1, 2008

Fred Cooke, Jr. Esq.
Rubin Winston Diercks Harris & Cooke LLP
6th Floor
1155 Connecticut Avenue, NW
Washington, DC 20036
Fax: (202) 429-0657

**FILED**

APR 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

David Carris, Esq.
Law Offices of David Carris, P.C.
7101 Wisconsin Avenue, Suite 1040
Bethesda, MD 20814
Fax: (301) 986-0259

    Re:    **United States v. Donald Hewitt Roberts,**
             **Cr. No. 07-0176-(EGS)**

Dear Counsel:

      This letter sets forth the full and complete plea offer to your client, Donald Hewitt ROBERTS. This offer is from the Tax Division of the U.S. Department of Justice (the "Office") and is binding. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    **Charges:** Pursuant to Fed. R. Crim. P. 11(c)(1)(a), Mr. ROBERTS agrees to waive his right to a trial and plead guilty to Count One of the Indictment charging violation of 18 U.S.C. § 371, Conspiracy to Defraud the United States and Assist in the Preparation of False Tax Returns. It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

      2.    **Penalties and Assessments:** Count One of the Indictment charges Mr. ROBERTS with Conspiracy to defraud the United States and to commit offenses against the United States in the form of advising and assisting in the preparation of false tax returns, in violation of Title 18 U.S.C. 371 for 2001 through 2005. Violation of Title 18, United States Code § 371 carries (i) a

maximum sentence of five years' imprisonment, (ii) a maximum fine pursuant to 18 U.S.C. § 3571 of the greatest of $250,000, twice the pecuniary gain derived from the offense, or twice the gross pecuniary loss to the United States, (iii) a $100 special assessment, (iv) and supervised release of up to three years.

3.  **Agreement:** Pursuant to Fed. R. Crim. P. 11(c)(1)(B) the parties agree that the tax loss in this case is greater than $80,000 and less than $200,000. The parties agree that the Court shall sentence Mr. ROBERTS after consideration of the factors contained in 18 U.S.C. § 3553(a), and the Court is obligated to calculate and consider the United States Sentencing Guidelines (2006). Mr. ROBERTS agrees that Section 2T1.9 Specific Offense Characteristic applies, and agrees to a two-level increase because he was in the business of preparing or assisting in the preparation of tax returns( 2T1.9(b)(2) (2T1.4(b)(1)). The government agrees that Mr. ROBERTS is entitled to a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Guidelines. Accordingly, the Offense Level is 15 resulting in a guidelines range of 18 to 24 months.

It is understood, and Mr. ROBERTS agrees, that as of the time that this plea is tendered, and prior to sentencing Mr. ROBERTS will close the business "X-press Refund Tax Service" of Washington D.C. and that he will no longer engage in the business of, and will no longer engage employees to engage in the business of, preparation of federal or state tax returns. Mr. ROBERTS also agrees to pay the special assessment of $100 within ten (10) days of sentencing by cashier's check or certified check made payable to Clerk, United States District Court for the District of Columbia.

In consideration of his plea to the above offense, the Office will dismiss Counts two through twenty three at the time of sentencing. Moreover, Mr. ROBERTS will not be further prosecuted criminally by the Office with respect to tax offenses for any crimes relating to the preparing and filing false income tax returns for clients for tax years 2000 through 2005. This agreement does not provide any protection against prosecution except as set forth above.

4.  **Waiver of Rights:** Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. ROBERTS expressly warrants that he has discussed these rules with his counsel and understands them. Mr. ROBERTS voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Mr. ROBERTS understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against Mr. ROBERTS for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

Mr. ROBERTS waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (1) Mr. ROBERTS's conviction is later vacated for any reason or (2) Mr. ROBERTS violates this

agreement. Mr. ROBERTS understands that this waiver of the statute of limitations explicitly includes the extensions of time incorporated by the agreed Statute of Limitations extension executed by Mr. ROBERTS on February 13, 2007.

Mr. ROBERTS agrees that with respect to all charges referred to in the indictment, he is not a "prevailing party" withing the meaning of the "Hyde Amendments," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. Mr. ROBERTS further agrees not to file any claims under that law or claims of any other type against the Department of Justice, or any components of the department, including the U.S. Attorney's Office, or against the Treasury Department or any components of the department, including the Internal Revenue Service, or against any personnel of those departments and component offices or agencies, based on the conduct during the investigation and prosecution of this case.

Mr. ROBERTS hereby acknowledges that he is accepting this plea agreement and deciding to plead guilty because he is in fact guilty. By entering this plea of guilty, Mr. ROBERTS waives any and all rights to withdraw his plea or to attack his conviction, either on appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this agreement.

5. **Restitution**: Mr. ROBERTS agrees that the court may order restitution pursuant to 18 U.S.C. § 3556. There is no restitution in this case.

6. **Court Is Not Bound**: Mr. ROBERTS understands that the Guidelines in this case are advisory, and the Court must consider the Guidelines in conjunction with the factors set forth in 18 U.S.C. § 3553. Mr. ROBERTS understands that no promises or understandings exist between the Office and Mr. ROBERTS with respect to the application of those Guidelines to this case.

It is understood that the sentence to be imposed upon Mr. ROBERTS is determined solely by the Court. This Office cannot, and does not, make any promises or representations as to what sentence Mr. ROBERTS will receive. Moreover, it is understood that Mr. ROBERTS will have no right to withdraw his plea of guilty based upon the sentence imposed by the Court.

7. **Breach of Agreement**: Mr. ROBERTS agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence (for example, should your client commit any conduct after the date of this agreement – examples of which include, but are not limited to, obstruction of justice and false statements to law enforcement agents, the probation

office, or the Court – the government is free under this agreement to seek an increase in sentencing based on that post-agreement conduct); b) Mr. ROBERTS will not have the right to withdraw the guilty plea; c) Mr. ROBERTS shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and d) the United States will be free to use against Mr. ROBERTS, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of such breach, any such prosecutions of Mr. ROBERTS not time-barred by the applicable statute of limitations as extended by the executed waiver, on the date of the signing of this agreement, may be commenced against him in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations in the interval between now and the commencement of such prosecutions. Mr. ROBERTS knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

8.   **Complete Agreement**:  No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. ROBERTS, and the Department of Justice, Tax Division.

This agreement does not bind any federal, state, or local prosecuting authority other than the Offices, and does not prohibit the Offices from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving Mr. ROBERTS, including, but not limited to, proceedings by the Internal Revenue Service.

If the foregoing terms and conditions are satisfactory, Mr. ROBERTS may indicate his assent by signing the agreement in the space indicated below and returning the original to the Tax Division, U.S. Department of Justice, once it has been signed by Mr. ROBERTS and his counsel.

Date: 4/30/2008

ROSEMARY E. PAGUNI, CHIEF
TAX DIVISION,
NORTHERN CRIMINAL ENFORCEMENT

Date: 4/30/08

KAREN E. KELLY
MARK DALY
TRIAL ATTORNEYS
U.S. Department of Justice
Tax Division, Criminal Enforcement Section
601 D Street, N.W.
Washington, D.C. 20530

Date: 4/30/08

DONALD H. ROBERTS
DEFENDANT

On behalf of Mr. ROBERTS, I have read this plea agreement and have discussed it with him. Mr. ROBERTS does this voluntarily of his own free will, intending to be legally bound. No threats have been made to Mr. ROBERTS and he is pleading guilty because Mr. ROBERTS is in fact guilty of the offenses identified in paragraph one, and count One of the Indictment.

Date: 4/30/08

FRED COOKE, JR., ESQ.

DAVID A. CARRIS, ESQ.